UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DUNEL CADELY and JAMES HINES,                    04 Civ. 8196 (FM)

                                               Plaintiffs,

                 - against -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, ANN
WILLIAMS, ANTHONY NAPOLITANO, MICHAEL
CUMMISKEY,

                                               Defendants.

------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF HINES' CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT**

## PRELIMINARY STATEMENT

As set forth in defendants' initial memorandum of law, plaintiff's opposition papers fail to establish that there is any genuine, material issue of fact which would defeat summary judgment with respect to his claim under the Americans with Disabilities Act ("ADA"). Plaintiff cannot establish either that he is disabled or that he is a qualified individual with a disability who is entitled to employment as a highway repairer ("HR") with the New York City Department of Transportation ("DOT"). In response to defendants' motion, plaintiff asserts that issues of fact exist as to whether he is disabled, on several grounds: 1) that his actual impairment is not syncope, as previously plead in the complaint, but is a "fast heart rate"; 2) that syncope meets the ADA definition of a disorder or impairment because fainting, for the moment of two when it occurs, affects an "umbrella" of bodily functions including consciousness and is tantamount to a grand mal epileptic seizure; and on the ground that; 3) defendant DOT employee Ann Williams at one time accepted plaintiff's medical notes which represented that he was disabled. Plaintiff further contends that he is a qualified disabled individual under the ADA on the ground that he can perform some of the essential functions of an HR with some workplace accommodations and on the ground that not all of what defendants have listed as essential functions should be deemed essential functions. Finally, plaintiff asserts that he is a qualified individual because, although he has never brought this claim throughout the pendency of this litigation and did not file a charge on this ground with the Equal Employment Opportunity Commission("EEOC"), he now asserts that he is regarded as disabled and has a record of having been so regarded.

The Court should reject these arguments for a variety of reasons. First of all, plaintiff cites to no facts in the record whatsoever to support his assertion that a fast heart rate is a physiological disorder or impairment as that term is defined under the ADA. Further, he can cite

to no facts of record to show that fainting impacts any major life activity much less an "umbrella" of major activities as he claims, and/or that it is tantamount to a grand male epileptic. Second, plaintiff cannot rely on the testimony of defendant Williams to establish that he is disabled under the ADA. The only significance of such testimony as a legal matter is that it is relevant to a plaintiff claiming that he is perceived or regarded as disabled by his or her employer. Because plaintiff failed to assert the claims of "perceived as disabled" or "record of a disability" to the EEOC as required under the law, this Court lacks jurisdiction to even consider these claims. Even if that were not the case, in order to establish that he was qualified under the ADA based on having been perceived as disabled, plaintiff would have to establish that Williams perceived him as disabled from a broad range of jobs, not just from the position of HR. The undisputed evidence is to the contrary. Finally, the Court should reject plaintiff's opposition to defendants' assertion that he cannot perform the essential functions of the job because plaintiff concedes that he requires workplace accommodations. Therefore, the uncontroverted evidence is that plaintiff is not a qualified individual under the ADA, since the ADA requires that one be able to perform the essential functions of a position *with or without* an accommodation (emphasis added). Furthermore, the undisputed facts indicate that if we accept that plaintiff has syncope, he cannot safely perform all of the HR essential functions which include operation of machinery and motor vehicles. Therefore, plaintiff is not qualified to perform the essential functions of an HR on this basis of public safety concerns as well. Accordingly, defendants are entitled to summary judgment on this claim.

## ARGUMENT

### PLAINTIFF CANNOT SHOW THAT HE IS DISABLED, OR THAT THERE IS ANY FACT AT ISSUE WHICH WOULD ESTABLISH THAT HE IS DISABLED UNDER THE ADA

### AS MATTER OF LAW. ACCORDINGLY PLAINTIFF'S ADA CLAIM SHOULD BE DISMISSED.

**Plaintiff Cannot Establish an Impairment Under the ADA**

In his memorandum of law in opposition to defendants' motion to dismiss ("Plaintiff's Memo of Law"), plaintiff argues that syncope is a "cognizable physical impairment" and a "recognized physiological disorder" which affects numerous body systems because a person loses consciousness--analogous to a grand mal epileptic seizure. Therefore, it constitutes an impairment as that term is defined under the ADA. In the alternative, plaintiff asserts for the first time, that his impairment is a "fast heart rate". Unfortunately for plaintiff, there is no evidentiary support—medical or factual-- anywhere in the record in this action to establish that either condition meets the ADA definition of an impairment. In fact, as set forth in defendants' initial moving papers (Page 6, § 1), the testimony of their own physician was that syncope is simply a symptom and not a condition in and of itself and that plaintiff currently has no cardiac disorder. Dr. Lo further testified that plaintiff currently has a "history of syncope"—that he does not even currently suffer from the disorder (See Exhibit "B", p. 13 to Declaration of Phyllis Calistro ("Calistro Dec.") submitted in support of defendants' initial moving papers). Merely having an impairment does not make one disabled under the ADA. Toyota Motor Mfg v. Williams, 534 U.S. 184, 195 (2002). Thus, the unsupported, conclusory allegations and arguments set forth in plaintiff's opposition cannot establish a question of fact on this issue where there is none in the evidentiary record.

Once a summary judgment motion has been made and the movant has established the absence of a material fact, the burden shifts to the party opposing the motion to come forward with "concrete particulars demonstrating that trial is necessary." R.G. Group, Inc. v. Horn and

3

Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984); See Celotex, 477 U.S. at 324. Although the Court must view the facts in a light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). See Delaware & Hudson Ry. v. Consolidated Rail Corp., 902 F.2d 174, 176 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991). Thus, summary judgment cannot be defeated by drawing attenuated inferences, nor by relying "on mere speculation or conjecture as to the true nature of the facts." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d. Cir. 1986), cert. denied, 480 U.S. 932 (1987). However, there is no genuine issue of material fact (and hence, summary judgment is appropriate) when no rational jury could find in favor of the non-moving party because the evidence to support its case is so slight. See Gallo v. Prudential Residential Services, Ltd., 22 F.3d 1219, 1223-24 (2d Cir. 1994). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)(non-moving party must establish enough evidence to support jury verdict in its favor); Goenaga v. March of Dimes Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995)(same); Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992). As is clear from the pl's lack of any citations to the record for these assertions, there are no material facts at issue to be tried on this issue. Therefore summary judgment should be granted in favor of defendants.

### Plaintiff Cannot Defeat Summary Judgment Based on Ann Williams' Testimony

Plaintiff seems to assert that he should be relieved from the requirement under the ADA that he establish the requisite elements of the claim, on the ground that defendant Ann Williams "says so"-- i.e. that she testified that at some unspecified time[1] she accepted his physician's

---

[1] The time factor is significant because, as plaintiff himself notes in his opposition papers, Williams eventually learned that, in fact, purported physician's notes to the agency were written
Continued...

4

representation that he was disabled from some unspecified position. Clearly there is no legal basis for plaintiff's argument that he is actually disabled based on the non-medical testimony of a defendant. Although this testimony could arguably be relevant to a claim that plaintiff is a qualified individual on the ground that he was "perceived as disabled' under the ADA, plaintiff has never before asserted this claim and cannot now assert this claim for the first time because he has never brought such a complaint to the EEOC. See Exhibit "B" to Reply Dec. Nor can the EEOC charge that he did file be viewed as "reasonably related" to the claim of "regarded as disabled" because an essential element of "regarded as disabled" is that it is a misperception. If there is no misperception of a disability, a plaintiff cannot establish a claim under this provision. Sutton v. United Air Lines, 527 U.S. 471 (1999); Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 119 S. Ct. 2133, 2137-38 (1999) (holding that evidence that employee was regarded as unable to meet health certification requirements because of a physical impairment was insufficient to create a genuine issue of material fact as to whether employee was regarded as disabled). Since plaintiff's EEOC filing states that, he has been disabled and denied a reasonable accommodation since the year 2000, he has failed to exhaust administrative remedies with respect to both the new "regarded as" claim and the additional new assertion set forth in the instant opposition papers for the first time, that he has a "record of" having been disabled. Therefore, this Court lacks jurisdiction over those claims. Butts v. New York City Department of Housing Preservation and Development, 990 F. 2d 1397, 1402-03 (2d Cir. 1993); Dortz v.

---

by office staff and not by plaintiff's physician, and at deposition Dr. Io testified that he had no recollection of having reviewed or signed any of them. See Exhibit "A" to Reply Declaration of Phyllis Calistro ("Reply Dec").

City of New York, 904 F. Supp. 127, 140 (S.D. N. Y. 1995)(the court has "jurisdiction only over those claims included in an EEOC charge.").

Even if this were not the case, plaintiff cannot establish that Ann Williams perceived him as disabled from a broad class of jobs, as required under the ADA in order to assert a claim under this provision. Sutton v. United Airlines, 119 S.Ct. 2139 (1999); see also Giordano v. city of New york, 274 F. 3d 740, 748 (2d cir. 2001); Muller v. Costello, 187 F.3d 298, 313 (2d Cir. 1991); Wernick v. Federal Reserve Bank, 92 F. 3d 379, 384 (2d Cir. 1996). In fact, Ms. Williams sent plaintiff a letter in May, 2007 indicating that, although he had repeatedly refused to perform several essential functions of the HR position, she requested his resume in the hope of identifying an alternative position with the DOT for him which would not require strenuous physical labor. In fact, defendants did so offer plaintiff such a position which, notwithstanding that he has no skills or education and notwithstanding his legal obligation to mitigate his damages, he has declined to accept. See Exhibit "C" to Reply Dec.

## PLAINTIFF IS NOT QUALIFIED WITH OR WITHOUT AN ACCOMMODATION AS REQUIRED UNDER THE ADA

### Plaintiff Cannot Perform the Essential Functions of an HR

As provided in the ADA, a "qualified individual" is an "individual with a disability who, with *or without a reasonable accommodation*, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C § 12111(8) (emphasis added). Plaintiff's opposition papers state that "plaintiff can perform the essential duties of a Highway Repairer with reasonable workplace accommodations" (Pl's Memo, p.17 Sec. "E"). In essence, plaintiff concedes that he cannot possibly perform the essential functions of the HR position without an accommodation. Therefore, there is no issue of fact as to whether plaintiff is

a qualified individual with a disability under the ADA—clearly, he is not. Therefore, even if plaintiff were able to establish that he is disabled under the ADA, he cannot establish that he is a qualified person with a disability and thus entitled to protection under the ADA. Accordingly, as a matter of law his claim under the ADA should be dismissed.

Moreover, plaintiff seems to assert that what defendants have set forth are essential functions, are not really essential functions and therefore plaintiff should be deemed qualified for the position even if he can only perform some of the essential functions. The law in this Circuit is clear, as set forth in defendants' initial moving papers (p.9, Point "B") that considerable deference should be shown to employer's judgment in determination of essential functions (D'Amico v. city of New York, 132 F.3d 145, 151 (2d Cir.)); a reasonable accommodation cannot mean elimination of any of the job's essential functions (Gilbert v. Frank, 949 F. 2d 637, 642 (2d cir. 1991) and that the ADA does not require an employer to make an accommodation for an impairment that is not a disability within the meaning of the Act or that does not result from such a disability. (Buckley v. Consolidated Edison Co. of New York, 155 F. 3d 150, 156 (2d Cir. 1998).

**Assuming That He Has Fainting Spells, Plaintiff Cannot Safely Perform as an HR**

In an effort to establish that he is disabled under the ADA, plaintiff makes the claim in his opposition papers that his ability to remain conscious is substantially limited by syncope. Given this statement, he cannot seriously assert that notwithstanding this problem, he can perform the essential functions of the HR position which requires strenuous labor and operation of machinery and motor vehicles on public roads. There is no question that an employer may require that an employee not pose a "direct threat" to other individuals in the workplace. 42

U.S.C. § 12113(b)(1997)(emphasis added). A "direct threat" is a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation." 42 U.S.C. § 12111(3).

Contrary to plaintiff's representation that defendants have not had plaintiff examined by a physician and therefore cannot assert that safety concerns prevent him from working as an HR, the DOT has had plaintiff examined by a physician, as part of a recent disciplinary proceeding. This physician, Arnold Berlin who specializes in internal medicine and occupational medicine, testified at a disciplinary hearing after plaintiff repeatedly refused to perform various functions of his job title. Upon examination by Dr. Berlin, plaintiff did not present with any apparent medical disorder. However, Dr. Berlin testified that, if in fact plaintiff had fainting spells as he contended, he would be prevented from safely performing the essential functions of an HR. See Exhibit "D" to Reply Dec. for a transcript of his testimony.

Finally, plaintiff makes the irrelevant and manipulative claim in his affidavit in opposition to summary judgment, that he "desperately" wishes to return to work but that the DOT will not permit him to return. Not only is this false, as noted above, but in fact, plaintiff has a long history of insubordinate, inappropriate abusive, threatening and menacing behavior which has risen to the level of placing his colleagues and supervisors in fear for their physical safety. For plaintiff to portray himself to this Court as a victim and as an employee who is ready, willing and able to perform any job function for the DOT, is an outrageous misrepresentation. See Exhibit "E" to Reply Dec. for a small sampling of complaints regarding his workplace conduct.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set for in defendant's initial motion papers, plaintiff James Hines' claim under the ADA should be dismissed.

Dated:  New York, New York
        December 26, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants City of New York and
                              New York City Police Department
                              100 Church Street, Room 2-112
                              New York, New York 10007
                              (212) 788-8682

By: _____
       PHYLLIS CALISTRO (PC5527)
       Senior Counsel

9